IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON TRISLER,            )
                          )
    Plaintiff,             )
                          )
v.                        )   Civil Action No. 3:11CV343–HEH
                          )
PRISON HEALTH             )
SERVICES, INC., *et al.*, )
                          )
    Defendants.            )

# MEMORANDUM OPINION
(Dismissing Five Unserved Defendants and Granting the
Motion for Summary Judgment by Prison Health Services, Inc. ("PHS"))

Jason Trisler, a former Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] Trisler alleges that during his incarceration at Haynesville Correctional Center ("Haynesville") the defendants[2] failed to ensure that he received adequate medical care for his abdominal and umbilical hernias. The matter is before the Court on Trisler's failure to timely serve five of the defendants

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] Trisler named a dozen individuals and entities as defendants in his Complaint.

and the Motion for Summary Judgment filed by PHS.[3] PHS filed the appropriate

*Roseboro*[4] notice for its Motion for Summary Judgment. (ECF No. 22.) Nevertheless,

Trisler failed to file a response. These matters are ripe for disposition.

## I. Failure to Serve Five of the Defendants

Under Federal Rule of Civil Procedure 4(m),[5] Trisler had 120 days from filing to

serve the defendants. Here, that period commenced on March 23, 2012.[6] By

Memorandum Order entered on March 23, 2012, the Court attempted to serve the

defendants in the present action. As pertinent here, Trisler asserted that PHS employed

Defendants Omezie S. Ajumobi, Richard B. Johnson ("R. Johnson"), Konrad Jarratt,

Nurse Jane Doe, and Utilization Manager John Doe. (Compl. ¶¶ 7–9, 11, & 12.) Trisler

directed that service should be effected for the above defendants by serving the registered

agent for PHS. (*Id.* at 1–2.) Accordingly, the Marshal attempted to serve Defendants

---

[3] "PHS was the primary operating subsidiary of its parent corporation, America Service Group, Incorporated, and after the parent company merged with Valitas Health Services, Inc., PHS' legal name was changed to Corizon Health, Incorporated, on June 3, 2011." (PHS' Mem. Supp. Summ. J. 1 n.2.) For the sake of consistency, the Court will refer to PHS by its former name.

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[5] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[6] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

2

Ajumobi, R. Johnson, Jarratt, Jane Doe, and John Doe by serving the registered agent for PHS. (ECF No. 17.)

On April 13, 2012, PHS filed a motion for summary judgment. In the Memorandum in Support of the Motion for Summary Judgment, PHS informed Trisler that Defendants Ajumobi, R. Johnson, Jarratt, Jane Doe, and John Doe were not employees or agents of PHS, therefore the registered agent for PHS "was not authorized to accept service on behalf of these . . . Defendants and doing so was inadvertent." (PHS' Mem. Supp. Mot. Summ. J. 1–2 n.3.)

More than 120 days elapsed and Trisler failed to properly serve Defendants Ajumobi, R. Johnson, Jarratt, Jane Doe, and John Doe. Accordingly, by Memorandum Order entered on September 25, 2012, the Court directed Trisler, within fifteen (15) days of the date of entry thereof, to show good cause why all claims against Defendants Ajumobi, R. Johnson, Jarratt, Jane Doe, and John Doe should not be dismissed.[7] Trisler failed to respond to the September 25, 2012 Memorandum Order. Accordingly, all claims against Defendants Ajumobi, R. Johnson, Jarratt, Jane Doe, and John Doe will be dismissed without prejudice.

## II. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[7] Courts have found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).

3

of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

### III. Motion for Summary Judgment Filed by PHS

In his Complaint, Trisler claims PHS failed to provide him with adequate medical care during his incarceration at Haynesville.[8] Specifically, as relevant here, Trisler contends that PHS contracted with the Virginia Department of Corrections ("VDOC") "to provide health care to inmates under the custody of the VDOC at certain VDOC facilities. PHS is also under contract with the VDOC to provide utilization management concerning medical care for offenders at all VDOC facilities." (Compl. ¶ 6.) Trisler claims that by virtue of these contractual obligations, PHS bears responsibility for the inadequate medical care he received while incarcerated at Haynesville.

---

[8] The relevant period stretches from March 22, 2007 to May 7, 2009. (Compl. ¶¶ 19, 82.)

4

PHS moves for summary judgment on the grounds that it had no relevant contract for providing medical care to Trisler during the period alleged in the Complaint. In support of their motion for summary judgment, PHS tendered the declaration of James Patrick Tinney, the Regional Vice President of PHS. (PHS' Mem. Supp. Mot. Summ. J. Ex. 1 ("Tinney Decl.").) Trisler's failure to respond to PHS' Motion for Summary Judgment permits the Court to rely solely on the submissions of PHS in deciding the Motion for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))).[9] Accordingly, the following facts are established for the Motion for Summary Judgment filed by PHS.

---

[9] The Court notes that Trisler swore to the truth of the contents of his Complaint. (Compl. 27.) Nevertheless, the facts offered by an affidavit or a sworn statement must be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the statement in the affidavit or sworn declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Moreover, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted); *Hogge v. Stephens*, No. 3:09CV582, 2011 WL 2161100, at *2–3 & n.5 (E.D. Va. June 1, 2011) (treating statements sworn to under penalty of perjury, but made upon information and belief, as "'mere pleading allegations'" (quoting *Walker v. Tyler Cnty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001))). The pertinent allegations in Trisler's Complaint about the contractual relationship of the VDOC and PHS and the responsibility of PHS for his health care run afoul of these proscriptions. (*See, e.g.*, Compl. ¶¶ 6, 69–71.) Nevertheless, no need exists to catalog the entirety of inadmissible evidence previously submitted by Trisler because he fails to cite the Court to any evidence, such as his Complaint, that he wishes the Court to consider in opposition to the Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment).

A.  **Summary of Pertinent Facts**

"In 2006, PHS entered into an agreement with the Commonwealth of Virginia to provide health care services and utilization management services to inmates housed in five (5) correctional facilities operated by the [VDOC] beginning on May 1, 2006. This contract period ended on October 31, 2011." (Tinney Decl. ¶ 5.) Haynesville "was not one of the five facilities at which PHS was under contract to provide medical services or utilization management services." (*Id.*)

"At no time did ... PHS provide medical services or utilization management services to inmates at Haynesville ...." (*Id.* ¶ 6.) "PHS has [n]ever hired or retained any employees or independent contractors to provide health care services at Haynesville ... during the time relevant to [Trisler's] claims." (*Id.*) "[N]o ... PHS employees have ever provided care for Mr. Trisler's hernia condition during the period of November 2007 through 2009." (*Id.*)

Trisler names the following individuals as agents or employees of PHS: Omezie S. Ajumobi, M.D., Richard S. Johnson, M.D., Konrad Jarratt, M.D., Nurse Jenkins, Nurse Elam and Defendants "Jane Doe" and "John Doe." (Compl. ¶¶ 7–12.) "These named Defendants were not employees, agents or independent contractors of PHS ... at Haynesville ... at times relevant to [Trisler's] claims." (Tinney Decl. ¶ 7.) PHS had no contract with the VDOC "to provide any medical services or utilization management services at ... Haynesville ... during the time relevant to Plaintiff's claims. Therefore, no agent, contractor, or employee of ... PHS rendered any medical care to [Trisler]." (*Id.* ¶ 8.)

6

## B.   Analysis

Trisler claims that the inadequate provision of medical care by PHS at Haynesville violated his federal constitutional rights and a variety of state laws.[10] (Compl. ¶¶ 134–38.) Trisler, however, fails to direct the Court to any evidence that demonstrates PHS bore any responsibility for his medical care at Haynesville. Accordingly, Trisler's claims against PHS will be dismissed with prejudice. PHS' Motion for Summary Judgment (ECF No. 23) will be granted.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb 28, 2013
Richmond, Virginia

---

[10] For example, Trisler asserts:

137.   The defendants' action or inaction as stated in paragraphs 134 through 136 above constituted the state law tort of civil conspiracy, gross negligence, breach of contract, and intentional infliction of emotional distress.
138.   By enacting and implementing the Utilization Management provision of OP 720.2 which instructs an offender's treating physician that "DO NOT write in the medical record 'Request denied by UM', Please use terms such as 'alternative treatment   recommended,'" the defendants actions constituted the state tort of actual or constructive fraud.

(Id. ¶¶ 137, 138.)